BARRABI v. U.S. PENITENTIARY LEAVENWORTH KANSAS et al                                                    Doc. 5
Case 4:06-cv-00024-RH-WCS   Document 5   Filed 01/23/2006   Page 1 of 3

Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LUIS BARRABI**,

    **Plaintiff,**

vs.                                                                                  **Case No. 4:06cv24-RH/WCS**

**U.S. PENITENTIARY, et al.**,

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate proceeding *pro se,* has initiated a civil action in this Court. Docs. 1-4. Plaintiff has named as Defendants the United States Penitentiary in Leavenworth, Kansas, the United States Penitentiary in Terre Haute, Indiana, and the United States Bureau of Prisons, among others. In the complaint, Plaintiff asserts venue is proper in this Court, but Plaintiff states that at all times relevant to the complaint he was confined in Terre Haute and he is currently confined at the United States Penitentiary in Terre Haute. Doc. 1. While Plaintiff has not presented any factual allegations that reveal the substance of his complaint, it is apparent that any events about which Plaintiff *could* complain would occur in Terra Haute and are

unrelated to this Court's jurisdiction in the State of Florida.  Because Terre Haute is located in the Southern District of Indiana, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 94(b) is in the United States District Court for the Southern District of Indiana, Terre Haute Division.

A federal district court has authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).  The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at 1259, n.2.  Thus, it is recommended that the case be transferred rather than dismissed.  There is no need for a hearing on this transfer.  *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Southern District of Indiana, Terre Haute Division, for all further proceedings including a determination of whether Plaintiff is entitle to proceed *in forma pauperis*.

**IN CHAMBERS** at Tallahassee, Florida, on January 23, 2006.

 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**